

William J. Downes – Attorney
225 Broadway, 39th Floor
New York, NY 10007
P: (212) 595-6200
F: (212) 595-9700
wdownes@mizrahikroub.com

March 20, 2023

**VIA ECF**

The Honorable Lewis J. Liman
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *Mejia v. Peach Skin Sheets LLC*; Case No. 1:22-cv-5372 (LJL)

Dear Judge Liman:

We represent plaintiff Richard Mejia ("Plaintiff") in the above referenced case and write this letter-motion to respectfully request a stay of defendant Peach Skin Sheets LLC's ("Defendant") motion for summary judgment. The Court set a discovery schedule just 50 days ago and the fact discovery cutoff is still another three months away. Plaintiff respectfully requests that the parties address summary judgment after the conclusion of discovery in this matter, which tracks with the Court's case management plan setting the motion deadline subsequent to the close of discovery.

A stay of motion for summary judgement is appropriate in this case as there is outstanding discovery, which will assist Plaintiff to demonstrate the existence of disputed material facts. Defendant filed its answer to the complaint on September 6, 2022. *See* Docket No. 11. Thereafter, on October 7, 2022, Plaintiff served discovery on Defendant. Plaintiff's propounded discovery included targeted demands to uncover material facts –namely, whether Defendant's website is, in fact, accessible. Specifically, Plaintiff's Requests for Production requested information regarding the evolution of the website, design specs, and, *inter alia*, communications concerning equal accessibility. Likewise, Plaintiff on the same day served a 30(b)(6) notice on Defendant to produce an individual to testify, among other issues, on Defendant's efforts to comply with the ADA and the WCAG 2.1 standards. No responses have been forthcoming. An affidavit attesting to the outstanding discovery is attached to this letter-motion. Defendant filed its motion for summary judgment on January 27, 2023. Just four days later, the Court set the discovery schedule in this case. *See* Docket No. 26.

As this Court has noted, summary judgment is ordinarily disfavored prior to the exchange of substantial discovery. *See Casmento v. Colm Constr., Inc.*, 20-cv-0944 (LJL), 2021 U.S. Dist. LEXIS 52315 (S.D.N.Y. Mar. 19, 2021). Following a summary judgment motion, a Court may order a continuance of the motion where a party opposing summary judgment shows by affidavit that it cannot present facts essential to justify its opposition to the motion. *See Papazian v. Sony*

MIZRAHI KROUB
LLP

The Honorable Lewis J. Liman
March 20, 2023
Page 2

*Entm't*, 16-cv-07911 (RJS), 2017 U.S. Dist. LEXIS 164217, at *5 (S.D.N.Y. Sept. 28, 2017) (citations omitted). In seeking a continuance, a party must show 1) what facts are sought, 2) how those facts are reasonably expected to create a genuine issue of material fact, 3) what effort the affiant has made to obtain them, and 4) that the affiant was unsuccessful in those efforts. *Id.* at *6. A non-moving party seeking a continuance of a summary judgment motion must have had the opportunity to discover information that is essential to his opposition to the motion. *Id*. (citing *Trebor Sportswear Co. v. The Ltd. Stores, Inc.*, 865, F2d 506 (2d Cir. 1989).

      This Court's decision in *Casmento* is instructive. When Defendant's motion for summary judgment was made in that case, "document discovery was in its earliest stages and no depositions of either party had been taken." 2021 U.S. Dist. LEXIS 52315, at *7. Moreover, as here, the close of fact discovery was not for an additional two months. *Id.* For these reasons, the Court denied summary judgment outright, and the same result is warranted here.

      Defendant has not yet produced any discovery in this matter (except for the name of one unidentified person who may have discoverable information). As such, Plaintiff respectfully requests that briefing on the motion for summary judgment be stayed until the completion of fact discovery in this case, on May 22, 2023, so that Plaintiff can present an opposition where the facts of this case have undergone the rigors of discovery.

      In the event the Court does not stay summary judgment, Plaintiff respectfully requests three days to file an opposition brief to the motion.

**Leave for motion to amend**

      Plaintiff respectfully requests leave to file an amended complaint pursuant to Fed. R. Civ. P. Rule 15(a)(2). The Court has broad discretion to grant Plaintiff leave to amend the complaint in this case. *See id.*, *Andujar v. Rogowski*, 113 F.R.D. 151, 154 (S.D.N.Y. 1986); *Foman v. Davis*, 371 U.S. 178, 182 (1962). According to the U.S. Supreme Court, while the ability to amend lies entirely in the Court's discretion, courts generally grant leave to amend, pursuant to Rule 15(a)(2), unless there is an "apparent or declared reason" not to do so. *See Foman*, 371 U.S. at 182. The U.S. Supreme Court has provided a number of factors to consider, including whether there is present "undue delay, bad faith or dilatory motive on the part of the [Plaintiff], repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment." *Id.*

      Here, none of these factors are present and leave to amend should respectfully be granted, pursuant to both Rule 15(a)(2). This would be Plaintiff's first amended complaint, and amendment would not be futile, especially since the initial complaint was filed prior to the Second Circuit's decision in *Calcano*. Plaintiff had no bad faith or dilatory motive. Allowing Plaintiff leave to amend would not cause undue prejudice to Defendant. *See Int'l Bank v. Price Waterhouse & Co.*, 85 F.R.D. 140, 142 (S.D.N.Y. 1980) (explaining that "delay alone is an insufficient ground to deny the motion without a showing of prejudice to the opposing party"). As such, none of the factors, as explained in *Foman*, are applicable.

MIZRAHI KROUB LLP

The Honorable Lewis J. Liman
March 20, 2023
Page 3

We, therefore, respectfully request that the Court grant Plaintiff leave to amend and until April 15, 2023 to file an amended complaint pursuant to Rule 15.

Respectfully submitted,
*/s/ William J. Downes*
WILLIAM J. DOWNES

Enclosure
cc:   All Counsel of Record (via ECF)

The motion for leave to amend the Complaint is DENIED without prejudice to renewal by formal motion. The motion for a stay of summary judgment briefing is DENIED without prejudice to Plaintiff making a proper showing that consideration of summary judgment would be premature through a Federal Rule of Civil Procedure 56(d) statement filed in opposition to the motion for summary judgment.

SO ORDERED.

LEWIS J. LIMAN
United States District Judge

3/21/2023